UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PHILLIP MCKENNA | No. 2:22-cv-01294-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| T. CISNEROS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff initiated this action by filing a 116 page complaint on July 9, 2022 which is before the court for screening. ECF No. 1. Also pending before the court are two separate motions to proceed in forma pauperis, three motions for a preliminary injunction/temporary restraining order, three requests to amend the complaint or add claims or defendants, a motion to intervene, and a second motion to reconsider this court's denial of the appointment of counsel. ECF Nos. 2, 3, 11, 16-17, 19-22, 24. These motions will be addressed in turn.

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I. Motion to Intervene

Before screening plaintiff's complaint, the court will address plaintiff's motion to add a plaintiff to this civil action.  ECF No. 24.  Plaintiff seeks to amend the complaint by adding constitutional violations against another prisoner.  ECF No. 24 at 1.  According to plaintiff, they were both denied a fair hearing for a disciplinary violation.  ECF No. 24.

The court construes plaintiff's motion as a request to bring a class action lawsuit on his behalf as well as on the behalf of other similarly situated plaintiffs.  However, plaintiff is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (finding that it was plain error to allow a pro se prisoner to represent fellow inmates in a class action lawsuit).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779, 780 (D. D.C. 1976).  Therefore, the court will deny plaintiff's motion to amend for the purpose of bringing a class action.

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.     Allegations in the Complaint**

In the complaint, plaintiff names the wardens at California State Prison-Corcoran, Mule Creek State Prison, and the California Medical Facility as defendants. ECF No. 1. In addition, plaintiff sues a "lady sargant" [sic], a correctional officer identified only as "Miss B.," and other unidentified officers and prison officials at the California Substance Abuse and Treatment Facility and California State Prison-Sacramento. ECF No. 1. The factual allegations raised in the complaint date back to the criminal proceedings initiated against plaintiff in the San Bernardino Superior Court that resulted in a sentence of 118 years to life. ECF No. 1. Since that unspecified

date, plaintiff has experienced numerous constitutional violations at various prisons ranging from acts of retaliation, the loss and destruction of his personal property, due process violations at disciplinary hearings, the denial of basic necessities and access to the courts, and the failure to protect him from threats by other inmates. Plaintiff specifically alleges that excessive force was used against him during a cell extraction on May 28, 2022 which led to him receiving a false Rules Violation Report ("RVR") for battery on a peace officer. The complaint does not specify what officer(s) are responsible for this use of excessive force against him, other than asserting that the warden failed to protect him.

### IV. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in the amended complaint.

### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between

4

the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Joinder of Multiple Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

### D. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison

transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### E. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

### F. Due Process

The Due Process Clause of the Fourteenth Amendment protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnel, 418 U.S.

539, 563–71 (1974).  As long as the five minimum Wolff requirements are met and there is some evidence in the administrative record to support the decision of the hearing officer, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Superintendent v. Hill, 472 U.S. 445, 455 (1985).

### G. Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  Prisoners also enjoy some degree of First Amendment rights in their legal correspondence.  Bounds v. Smith, 430 U.S. 817, 824-25 (1977).  However, to state a viable claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

### H. Property

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

### V. Analysis

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.  In this case, the majority of the allegations against the wardens are based on nothing more than supervisory liability claims which are not a viable theory of liability in a civil rights action. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Additionally, plaintiff has improperly joined numerous unrelated claims against various prison officials at different prisons. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  The claims do not appear to the court to arise out of the same transaction or occurrence or share a common question of law or fact. See Fed. R. Civ. P. 20(a)(2).  For all these reasons, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.    Motion for Preliminary Injunction/Temporary Restraining Order

In his motion for a preliminary injunction, plaintiff seeks an order requiring the wardens at various prisons, including the California Medical Facility where he is currently housed, to place him in protective custody.  ECF No. 3.  Plaintiff alleges that active prison gang members call him

a "rat" and other derogatory prison slang after being told to do so by unnamed CDCR officials. ECF No. 3 at 5. This places him in imminent danger of serious physical injury.

In his separately filed motion for a temporary restraining order, plaintiff indicates that he was attacked by another inmate on August 18, 2022. Even though he was the victim of the attack, he was pepper sprayed by correctional officers. ECF No. 17.[1] Afterwards, he was left in his cell with no running water which prevented him from removing the pepper spray from his eyes and body. Plaintiff alleges that this attack was set up by guards as retaliation for filing this civil lawsuit. ECF No. 17 at 2. By way of relief, plaintiff seeks a court order to get the water in his cell turned back on. ECF No. 17 at 2.

In a supplemental motion for emergency relief as well as a motion to intervene, plaintiff alleges that the prison is opening his outgoing mail to the Government Claims Office in violation of state regulations and otherwise tampering with his mail. ECF No. 16.[2] Plaintiff further alleges that this is being done in an effort by prison officials to cover up the use of excessive force against him. ECF No. 16 at 2. Plaintiff seeks a court order preventing prison officials from interfering with his correspondence concerning legal matters. ECF No. 16 at 6.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the

---

[1] To the extent that this motion as well as additional motions assert that prison officials are refusing to provide plaintiff with a copy of his inmate trust account, plaintiff is advised that the court received the Inmate Statement Report that was attached to his second motion to proceed in forma pauperis. ECF No. 11 at 4. The CDCR also electronically submitted this information to the court as ordered. See ECF No. 7 (Clerk's Notice directing CDCR to submit inmate trust account statement for plaintiff). Therefore, no further action will be taken concerning these allegations.

[2] Plaintiff's request for a list of all documents that he mailed to the court has already been addressed by providing him a one-time courtesy copy of the docket sheet in this case. See ECF No. 20. Therefore, no further action will be taken concerning this request.

9

1  Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d
2  1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing
3  of one element to offset a weaker showing of another element). "In other words, 'serious
4  questions going to the merits and a hardship balance that tips sharply towards the plaintiff can
5  support issuance of an injunction, assuming the other two elements of the Winter test are also
6  met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by
7  prisoners involving conditions of confinement, any preliminary injunction "must be narrowly
8  drawn, extend no further than necessary to correct the harm the court finds requires preliminary
9  relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

10  A motion for preliminary injunction must be supported by "[e]vidence that goes beyond
11  the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-
12  00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal
13  Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of
14  establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S.
15  7, 20 (2008).

16  Here, in light of plaintiff's failure to state any claim upon which relief may be granted in
17  his complaint, the court recommends denying plaintiff's motions for an order enjoining
18  defendants. See Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (emphasizing that in
19  order to obtain injunctive relief the purported injury must be fairly traceable to the actions of the
20  defendants). Plaintiff has not demonstrated that he is likely to succeed on the merits because the
21  complaint is being dismissed for failing to state a claim. Furthermore, plaintiff has not provided
22  any evidence to support his claims aside from his own conclusory statements. Herb Reed Enters.,
23  LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) (emphasizing that "[t]hose
24  seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable
25  harm."). At this stage in the proceedings, injunctive relief is also premature since no defendant
26  has been served. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727
27  (9th Cir. 1985) (stating that "[a] federal court may issue an injunction if it has personal
28  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

determine the rights of persons not before the court."). For all these reasons, the court recommends denying plaintiff's motions for a permanent injunction/temporary restraining order.

### VII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF No. 2, 11) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint **no longer than 25 pages in length** that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Plaintiff's failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

**5. Due to plaintiff's filing of repetitive and duplicative motions, the court will limit plaintiff's filings for the duration of this case. Plaintiff is cautioned against filing repetitive motions which overburden the court's resources and further delay a ruling in this matter. Plaintiff shall be limited to filing the following documents:**

**a. One non-dispositive motion at a time. No additional non-dispositive motion(s)**

      **may be filed until the court has ruled on the pending motion;**

      **b.  One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and,**

      **c.  One set of objections to any Findings and Recommendations.**

      6.  Any pleading filed in violation of this court order will be returned to plaintiff and stricken from the docket.

      7.  Plaintiff's motions to amend and requests to add claims or defendants (ECF Nos. 19, 20) are granted consistent with the court's dismissal of plaintiff's complaint with leave to amend.

      8.  Plaintiff's motion to add a plaintiff to this civil action (ECF No. 24) is denied for the reasons explained herein.

      IT IS FURTHER RECOMMENDED that plaintiff's motions for a preliminary injunction/temporary restraining order (ECF Nos. 3, 16-17, 21) be denied without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 25, 2022

                                                        CAROLYN K. DELANEY  
                                                        UNITED STATES MAGISTRATE JUDGE

12/mcke1294.14.new+PI.docx