1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD PHILLIP MCKENNA,                    Case No.  1:24-cv-00607-BAM (PC)

12                  Plaintiff,                   ORDER DIRECTING CLERK OF COURT TO
                                                 RANDOMLY ASSIGN DISTRICT JUDGE TO
13          v.                                   ACTION

14    CISNEROS, *et al.*,                        FINDINGS AND RECOMMENDATIONS
                                                 REGARDING PLAINTIFF'S MOTION FOR
15                  Defendants.                  COURT ORDER

16                                               (ECF No. 80)

17                                               **FOURTEEN (14) DAY DEADLINE**

18

19    **I.      Background**

20          Plaintiff Edward Phillip McKenna ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

21    *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was

22    transferred from the Sacramento Division of the United States District Court for the Eastern

23    District of California on May 21, 2024.  (ECF No. 75.)  The third amended complaint has not yet

24    been screened.  (ECF No. 71.)

25          Currently before the Court is Plaintiff's April 28, 2025 filing, docketed as a motion for

26    court order.  (ECF No. 80.)  In the motion, Plaintiff appears to allege that he is being retaliated

27    against with false RVRs so he can be transferred to a Level 4 yard, where he fears he will be

28    attacked or killed.  Plaintiff appears to seek a court order to remove the allegedly false RVRs so

                                                  1

1   they cannot be used to keep setting Plaintiff up for future RVRs or assault.  Plaintiff alleges that

2   he is being threatened to stop writing to the courts or filing grievances.  Plaintiff has attached 60

3   pages of exhibits, which are not incorporated by reference.  (*Id.*)

4        The Court construes Plaintiff's motion as a request for preliminary injunctive relief.

5   **II.      Motion for Preliminary Injunction**

6        "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

7   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a

8   preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

9   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

10   favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction

11   may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation

12   omitted).

13        Federal courts are courts of limited jurisdiction and in considering a request for

14   preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

15   have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

16   *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

17   464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

18   power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18

19   U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

20   the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

21   of the Federal right, and is the least intrusive means necessary to correct the violation of the

22   Federal right."

23        Furthermore, the pendency of this action does not give the Court jurisdiction over prison

24   officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

25   *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

26   in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555

27   U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

28   ///

2

1    Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The

2    Court is required to screen complaints brought by prisoners seeking relief against a governmental

3    entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

4    complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

5    state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

6    who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

7    As noted above, the third amended complaint has not yet been screened.  As such, this

8    action does not yet proceed on any cognizable claims, no defendant has been ordered served, and

9    no defendant has yet made an appearance.  Thus, the Court at this time lacks personal jurisdiction

10    over any defendant or any other prison staff at any CDCR institution.  Even if the Court had such

11    jurisdiction, Plaintiff does not have a constitutional right to be incarcerated at a particular

12    correctional facility (or to not be transferred from one security level to another).  *Meachum v.*

13    *Fano*, 427 U.S. 215, 224–25 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court declines

14    to intercede in the security issue presented by preventing placement of inmates in particular

15    housing.

16    To the extent Plaintiff is attempting to raise new claims related to retaliation, the filing of

17    false RVRs, or other actions taken by correctional staff that Plaintiff believes is placing him in

18    danger, this action is not the appropriate way to raise these claims.  If Plaintiff believes he has

19    suffered new or additional violations of his constitutional rights, he may wish to file a new and

20    separate civil rights action raising those claims.

21    With respect to the exhibits attached to Plaintiff's filing, Plaintiff is advised that at the

22    screening stage, Plaintiff does not need to attach exhibits, or have the Court review video

23    evidence, to prove the truth of what is said in the complaint.  For screening purposes, facts stated

24    in complaints are accepted as true.  Furthermore, the Court will not serve as a repository for

25    evidence.

26    **III.    Order and Recommendation**

27    Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a

28    District Judge to this action.

1    Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for court order,

2  (ECF No. 80), be denied.

3    These Findings and Recommendations will be submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

5  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

6  file written objections with the court.  The document should be captioned "Objections to

7  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

8  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

9  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

10  **limit may not be considered.**  The parties are advised that failure to file objections within the

11  specified time may result in the waiver of the "right to challenge the magistrate's factual

12  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

13  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15  IT IS SO ORDERED.

16    Dated:   **May 1, 2025**            /s/ *Barbara A. McAuliffe*
17                           UNITED STATES MAGISTRATE JUDGE

4