# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PHILLIP MCKENNA,<br><br>    Plaintiff,<br><br>    v.<br><br>CISNEROS, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00607-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 71)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Edward Phillip McKenna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred from the Sacramento Division of the United States District Court for the Eastern District of California on May 21, 2024. (ECF No. 75.) Prior to transfer, the Sacramento Division granted Plaintiff leave to file a third amended complaint only "with respect to the excessive force and failure to protect claims as well as any supplemental state law claim of assault and battery against defendants Cisneros, Leahy, Garcia, Tyler, Coronado, Sayama, Diaz, Brown, Dunn, Valdez and Knudson." (ECF No. 53, p. 11.) Plaintiff's third amended complaint, limited to "only those defendants employed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California," is currently before the Court for screening. (ECF Nos. 29, 75.)

///

1

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. Plaintiff alleges the events in the third amended complaint occurred while he was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names as defendants: (1) T. Cisneros, Warden; (2) J. Leahy, Sergeant; (3) J. Garcia, Sergeant; (4) N. Tyler, Lieutenant; (5) D. Coronado, Correctional Officer; (6) T. Sayama; (7) E. Diaz, Correctional Officer; (8) C. Brown, Lieutenant; (9) T. Dunn, Associate Warden; (10) Valdez, Correctional Officer; and (11) D. Knutson, Correctional Officer. All defendants are employed at CSATF.

///

Plaintiff alleges that on February 18, 2021, while he was housed in Administrative Segregation, Cell #185, prison officials, at the direction of Defendant Warden T. Cisneros, used excessive force and committed assault and battery against Plaintiff. Someone threw grenades in Plaintiff's cell, burning his arm. Someone sprayed chemicals in through the tray slot and the hole in the wall above the toilet, choking Plaintiff. Someone hit Plaintiff in the face, chest, and stomach with a battering ram, a huge metal pipe. Plaintiff thought he was going to die. These were deliberate acts on orders of their boss, Defendant Cisneros, to start a calculated campaign of harassment and failure to protect actions towards Plaintiff by prison officials at multiple institutions, to put Plaintiff's life in danger. The excessive force was used to punish Plaintiff for not giving up his First Amendment rights to file a lawsuit against CDCR and to destroy evidence for the lawsuit.

Plaintiff further alleges that Defendants J. Leahy, J. Garcia, and Tyler fabricated a Rules Violation Report for 2-18-2021. Defendant D. Coronado, assigned as the investigative employee on the RVR, and Defendants T. Sayama and E. Diaz, assigned as staff assistants, never spoke to Plaintiff and all wrote fraudulent facts to destroy evidence against their boss, Defendant Cisneros, and to cover up what really took place. Defendant Lieutenant C. Brown, the hearing official, threatened Plaintiff with C-Status and loss of property if Plaintiff did not plead guilty to the RVR. Defendants C. Brown, T. Dunn, M. Valdez, and D. Knutson all covered up for Defendant Cisneros.

Plaintiff also includes allegations regarding further alleged retaliation that he suffered while housed at other institutions, including a March 26, 2021 attack by prisoners at CSP-Corcoran and a May 28, 2022 attack by five Correctional Sergeants at CMF-Vacaville. Plaintiff alleges that these incidents were also directed by Defendant Cisneros as part of her campaign of harassment and to destroy Plaintiff's evidence and prevent him from suing CDCR.

Plaintiff states that he suffered physical and mental torture from the chemicals and grenades and from being beaten by prison officials and gang members. Plaintiff suffered burnt eyes and flesh and alleges that he has glaucoma because of chemicals repeatedly sprayed in his eyes.

1  As relief, Plaintiff seeks damages.

2  **III.     Discussion**

3  Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief.

5  **A.     Federal Rule of Civil Procedure 8**

6  Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's third amended complaint is neither short nor a plain statement of his claims. Plaintiff's allegations are repetitive, conclusory, and include lengthy descriptions of events that are not properly joined in this action. Despite the length of the complaint, Plaintiff fails to provide sufficient factual allegations to support a cognizable claim for relief against any defendant.

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

4

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to provide sufficient factual allegations to link any defendant to his excessive force or assault and battery claims. With respect to Defendant Cisneros, Plaintiff provides only conclusory statements that Defendant Cisneros ordered and directed other unknown prison officials to use excessive force against Plaintiff, but these statements are not supported by any factual allegations.

As to the remaining defendants, it is not sufficient for Plaintiff to provide a list of defendants and state that they all participated in an incident, or to generally state that "prison officials" used excessive force against Plaintiff. Plaintiff must link each individual defendant to a specific act or omission that violated Plaintiff's rights.

**C.     Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff was previously warned that claims arising from other institutions based on conclusory allegations that all are linked in a campaign of harassment were improperly joined to this action. (ECF No. 53, p. 8.) Further, the claims in the third amended complaint are limited only to Plaintiff's excessive force claims and any supplemental state law claims of assault and battery. (ECF No. 75.) To the extent Plaintiff alleges that any of the named defendants violated his constitutional rights by including fraudulent statements during the issuance or review of the February 18, 2021 Rules Violation Report or threatening Plaintiff with a loss of property or C-

1  Status, those claims are not properly joined in this action.

2       **D.    Supervisory Liability**

3       Insofar as Plaintiff is attempting to sue Defendant Cisneros, or any other defendant, based
4  solely upon their supervisory role, he may not do so. Liability may not be imposed on
5  supervisory personnel for the actions or omissions of their subordinates under the theory of
6  respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011,
7  1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v.*
8  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

9       Supervisors may be held liable only if they "participated in or directed the violations, or
10 knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045
11 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v.*
12 *Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established
13 when an official sets in motion a 'series of acts by others which the actor knows or reasonably
14 should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at
15 570. Supervisory liability may also exist without any personal participation if the official
16 implemented "a policy so deficient that the policy itself is a repudiation of the constitutional
17 rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942
18 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other
19 grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory
20 position, the causal link between such defendant and the claimed constitutional violation must be
21 specifically alleged. *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,
22 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement
23 of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*,
24 673 F.2d 266, 268 (9th Cir. 1982).

25      "A supervisor can be liable in his individual capacity for his own culpable action or
26 inaction in the training, supervision, or control of his subordinates[.]" *Starr*, 652 F.3d at 1208.
27 However, a failure to train theory can be the basis for a supervisor's liability in only limited
28 circumstances, such as where the failure amounts to deliberate indifference to the rights of

6

persons with whom the subordinates are likely to come into contact. *See Canell v. Lightner*, 143 F.3d 1210, 1213–14 (9th Cir. 1998). To impose liability under a failure to train theory, a plaintiff must demonstrate the subordinate's training was inadequate, the inadequate training was a deliberate choice on the part of the supervisor, and the inadequate training caused a constitutional violation. *Id.* at 1214; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted).

Plaintiff fails to allege, beyond conclusory statements, that Defendant Cisneros directly participated in the alleged violations. Plaintiff does not make a sufficient showing of any personal participation, direction, or knowledge on Defendant Cisneros' part regarding any other prison officials' actions. Plaintiff must do more than allege, in a conclusory fashion, that any constitutional violation was the result of Defendant Cisneros' orders or alleged campaign of harassment against Plaintiff.

### E. Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Although Plaintiff alleges that he suffered injuries after grenades and chemicals were released into his cell and he was beaten with a metal battering ram, Plaintiff has failed to link any defendant to this incident. Plaintiff specifically states only that "someone" took these actions against him. Despite being provided an opportunity to link any defendant to these claims, Plaintiff has been unable to do so.

### F. State Law Claims – Assault and Battery

California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges a state law claim for assault and battery. For a civil battery claim in California, a plaintiff must prove "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff."

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

*Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526 (2009). Where the defendant is a peace officer, the plaintiff must also prove that the use of force was unreasonable. *Ransweiler*, 171 Cal. App. 4th at 526.

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. *Tekle v. U.S.*, 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

It is not clear from the third amended complaint whether Plaintiff complied with the Government Claims Act in presenting his assault and battery claims to the Government Claims Program. However, even if Plaintiff did comply with the requirements of claim presentation, the Court finds that Plaintiff fails to state a cognizable claim for assault or battery. As discussed above, Plaintiff fails to provide factual support linking any defendant to the incident at issue. Furthermore, the Court finds that Plaintiff fails to state any cognizable federal claim, and therefore the Court would also decline to exercise supplemental jurisdiction over any cognizable state law claims.

**IV.     Findings and Recommendation**

Based on the foregoing, the Court finds that Plaintiff's third amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim

9

1  for relief.  Despite being provided with multiple opportunities to amend and provided with the
2  relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.
3  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

4  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed, with
5  prejudice, for failure to state a cognizable claim upon which relief may be granted.

6  These Findings and Recommendation will be submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
8  **(14) days** after being served with these Findings and Recommendation, the parties may file
9  written objections with the Court.  The document should be captioned "Objections to Magistrate
10 Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**
11 **or include exhibits.  Exhibits may be referenced by document and page number if already in**
12 **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**
13 **considered.**  The parties are advised that failure to file objections within the specified time may
14 result in the waiver of the "right to challenge the magistrate's factual findings" on
15 appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,
16 923 F.2d 1391, 1394 (9th Cir. 1991)).

17
18 IT IS SO ORDERED.

19   Dated:   **November 6, 2025**         /s/ Barbara A. McAuliffe            _
20                                         UNITED STATES MAGISTRATE JUDGE

10