**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD PHILLIP MCKENNA,<br><br>        Plaintiff,<br><br>    v.<br><br>CISNEROS, et al.,<br><br>        Defendants. | Case No. 1:24-cv-0607 KES BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS A MOTION FOR RECONSIDERATION UNDER RULE 59 AND DENYING RECONSIDERATION<br><br>Doc. 87 |

Edward Phillip McKenna asserted in this action that the defendants violated his civil rights at CSATF-Corcoran State Prison. *See generally* Doc. 71. The magistrate judge screened McKenna's third amended complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure, and that he failed to state a cognizable claim for relief. Doc. 84 at 2-9. The magistrate judge determined that further leave to amend was not warranted because the court had previously provided McKenna with the applicable legal standards and McKenna failed to cure the pleading deficiencies. *Id.* at 10. The magistrate judge recommended the court dismiss the action with prejudice. *Id.* After the deadline for filing objections expired, the Court performed a de novo review, adopted the findings and recommendations in full, and dismissed the action on December 29, 2025. Docs. 84, 85.

1

After the entry of judgment, McKenna filed untimely objections to the findings and recommendations and an "emergency motion." Doc. 87 at 16. The Court construes the untimely objections as a motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.

Rule 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (identifying grounds for relief under Rule 59(e)). The Ninth Circuit has explained that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).

McKenna does not identify any basis to overturn the Court's judgment under Rule 59(e). McKenna asserts that he did not file timely objections to the findings and recommendations because he was placed in administrative segregation for two months without his property and documents and could not file his objections until after the deadline expired. *See id.* at 1-3. But, even liberally construing his objections, McKenna does not identify any allegations in the TAC that state a cognizable claim or any new facts that would support a conclusion that he could cure the pleading deficiencies in the TAC. *See generally* Doc. 87. McKenna fails to identify any newly discovered evidence, any clear error in evaluating the allegations in his TAC, or any intervening change in controlling law that would warrant amendment of the order dismissing the action. Consequently, relief from judgment is not appropriate under Rule 59(e). *See Wood*, 759 F.3d at 1121.

///

///

///

2

Based upon the foregoing, the Court **ORDERS**:

1. The objections and emergency motion, construed as motion under Rule 59(e) to alter or amend judgment (Doc. 87) is **DENIED**.

2. **The action shall remain closed.**

IT IS SO ORDERED.

Dated:    March 2, 2026

UNITED STATES DISTRICT JUDGE